UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| COREY CROCKETT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:19-cv-00620 |
| | ) | Judge Trauger |
| ALLEGRA WALKER, | ) | |
| Defendant. | ) | |

# MEMORANDUM

Corey Crockett, an inmate the Davidson County Sheriff's Office in Nashville, Tennessee, filed a *pro se* civil rights action under 42 U.S.C. § 1983 against Judge Allegra Walker, (Doc. No. 1), and an application to proceed in this court without prepaying fees and costs, (Doc. No. 2).

## I. Application to Proceed as a Pauper

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's *in forma pauperis* application that he cannot pay the full filing fee in advance, the application (Doc. No. 2) will be granted. The $350.00 filing fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b)(1).

## II. Initial Review

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The court must also construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a *pro se*

plaintiff's factual allegations as true unless they are entirely without credibility, *see Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

The plaintiff alleges that, at a state court proceeding on May 2, 2019, his attorney presented Judge Allegra Walker with the plaintiff's psychological assessment and advised Judge Walker of the plaintiff's "diagnosis." (Doc. No. 1 at 5.) According to the plaintiff, Judge Walker nonetheless "denied the fact that [he] was found incompetent to stand trial in a previous case" and refused to order a competency evaluation. (*Id.*) Judge Walker also did not alter the plaintiff's "11 mo 29 day sentence which [he] signed before she knew [he] was incompetent," and refused to send the plaintiff to a "rehabilitating establishment." (*Id.*) The plaintiff requests monetary damages and immediate release from custody. (*Id.* at 6.)

### B. Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### C. Discussion

To state a claim under Section 1983, "a plaintiff must set forth facts that, when favorably construed, establish: (1) the deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under the color of state law." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). Here, the plaintiff fails to state a claim under Section 1983 for at least two reasons.

First, Judge Allegra Walker—the only defendant in this action—is entitled to immunity from this civil suit. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). Judicial immunity cannot be "overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Pierson*, 386 U.S. at 554). There are only two situations in which judicial immunity does not apply—"if the judge's activities were 'non-judicial' in nature or if the judge's actions are performed without any jurisdiction to do so." *Brookings*, 389 F.3d at 617 (citing *Mireles*, 502 U.S. at 11). Here, the plaintiff's allegations do not reflect that either of these exceptions applies to Judge Walker's alleged actions, and so she is entitled to absolute immunity.

Second, part of the relief that the plaintiff seeks is release from prison. But this relief is not available under Section 1983 because a prisoner seeking "immediate release or a speedier release" must do so "through a writ of habeas corpus, not through [Section] 1983." *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

### III. Conclusion

For these reasons, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) will be granted, this action will be dismissed for failure to state a claim, and the court will certify that

any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The court, therefore, will not grant the plaintiff leave to proceed as a pauper on any appeal.

The court will enter an appropriate order.

_____
ALETA A. TRAUGER
United States District Judge